OPINION of die Court, by
Ch. J. Bibb.
Small-wood declared, as endorsee of an obligation, against ^°°⅜ as endorsor, that he had sued on said obligation and recovered judgment, and, having used due diHgence, had failed to receive satisfaction, of which 00^s b^d notice, &c. ; and the said Woods “ then and there assumed upon himself to pay the said sum of £. 30, together with the sum of 1 dollar 5 cents, the ount of the damages and costs that the said plaintiff, o ... 1 - ’■ by the endorsement aforesaid, ought to recover from the said Clay,” (the obligor in said assigned obligation,) "d'ienever he should be thereunto afterwards required, Nevertheless, See. He also counted against Woods for money had and received.
Upon non assumpsit, the jury found “ that the plain-, tiff has used the several steps and proceedings, against the said Samuel Clay, in the declaration mentioned, .^ich are set forth in the record of the suit in Tessa- . , „ mine between said plaintiff and said Clay, defenaant, a copy whereof is filed herewith, and that he hath used n0 other steps to recover the money of said Clay, or his special bail ; and if the steps and proceedings amount: to due diligence on the part of the plaintiff, they find f°r 44 dollars 33 cents in damages ; but if they do not, &c. they find for the defendant.” Upon this ver-diet, the court gave judgment for the defendant ; to which the plaintiff prosecutes this writ of error, assigning for cause, “ that the court erred in giving judgment for the defendant on the special verdict, -- when tbs Uw was for the plaintiff, and judgment should have been rendered for him.”
The assignment does not question the sufficiency of the sPectal verdict; and the parties in this court have made no other questions, as growing out of the record alluded to by the jury, than these :
Ought the plaintiff to have taken a capias ad satisfa-ciendum against Clay ; and if the sheriff had returned thereto, non est inventus, should the plaintiff have pro-ceeded against the bail, to have made out a case of clue diligence, whereby to entitle him to recourse against thi assiCflirT ? . °
Due diligence by fuit having failed to coerce payment of the inilrument af-Signed, a contract implied9 to refund the conftderation received for the alignment, is that uponwhich the afhgnor is reiponfible to the afiignee*
If the liability of the assignor of an obligation or promissory note by contract implied by law from the insolvency of the maker, was a new subject, to be settled for the first time by this court, we should have great difficulty in making out such liability, where there had been no unfairness or misrepresentation.* But considering the decision of the court of appeals of Virginia, in 1796, between Mackie’s executor and Davis, &c. (a), and the decision of our own court in April, 1802, between Boals and M’Connel (b), together with many others, where the liability of the assignor was assumed, and decisions given, which, otherwise, would have been useless and irrelevant to the cases, we think thathisliabi-lity has become a settled rule, by which men govern their contracts, and therefore it ought not now to be changed. We mention the case in Virginia, not as of binding authority here, but as a leading case to which public attention was attracted. It was the first decision upon assignment under their statute, from which ours was borrowed ; and it has been followed (upon the main point) by the decisions of our courts. The idea of the assignor’s being responsible by his assignment, has been long and generally prevalent, strengthened and confirmed by these decisions, insomuch, that if at first erroneous, the maxim, “ communis error facit jus,” if applicable to any case, may now be well applied to this. The responsibility of the assignor may indeed be now embraced by a rule of ethicks, that the expectation of the one party to an agreement, knozvn, and silently indulged by the other party, ought to be fulfilled in the same manner as if it were expressed.
But it is necessary to a decision upon the question of due diligence, to trace the responsibility of the assignor to its source, and find out the general principle upon *544 which it is bottomed by those decisions. It is ágréect that this responsibility is to accrue after due diligence by suit. It cannot be maintained upon the doctrine of implied warranty upon sales, because that warranty is annexed to the title onlv of the personal thing sold, and not to the quality or value of the thing sold ; upon the sale of real estate the law annexes no warranty by itn* plication. But if the implied warranty upon the transfer of an obligation is not to be confined to the bare undertaking that the obligation so assigned is bona fide due, but to be extended also to the circumstances and ability of the obligor, that is to say, to the intrinsic value of the thing sold, yet this warranty, according to principles of law, does not extend beyond the time of the sale. The law does not imply a warranty that the thing will be of a particular value at a future periods Upon the doctrine of implied warranty, therefore, the liability of the assignor ought to be tried and tested by the circumstances of the obligor in the bond assigned at the time of assignment, not that the assignor warrants the debtor would be solvent, notwithstanding all imprudent bargains, sales or contracts he might make between the date of assignment and the suing of execution, after the dilatory process and pleadings in court. Neither is this responsibility referred to the doctrine of diligence, according to the lex mercatoria. According to that law no suit was necessary ; demand of payment, (and a protest offoreign bills) and notice of non payment, where due diligence had been used in making the demand, created a responsibility of the endorser. But there is ns reason for saying our statute has placed the transfer upon the principles of the law merchant, for the provisions of the act are inconsistent with the lex mercatoria, in leaving the defence in law and equity the same as if no assignment had been made, or in cases of several transfers, still permitting a defence in law or equity against any assignor to attach to the obligation in the hands of the last assignee. Moreover the important expressions, “ in the same manner as bills of exchange,” which were in the statute of Anne, are omitted in ours. The legislature did not intend to make and have not made all these instruments negotiable according to the usages of merchants.
*545 The principle therefore upon which the responsibility of the assignor of a bond, bill or note not negotiable or assignable at law before the statute, is to be supported, must depend upon the general liability of parties to contracts or agreements, to refund that which they may have received on a consideration which has happened to fail. We have before remarked, that according to the decisions referred to, the due diligence of the as-signee must be evidenced by suit. There are cases which may be said to be exceptions to this general rule, because they fall under other rules which are equally applicable to and must govern such cases ; as if the obligor was out of the commonwealth at the date of the assignment and never returned so as to be sued here, and such absence was unknown and therefore not contemplated by the assignor and assignee. The question of due diligence in this case is abstracted from, and not to be decided upon the doctrine of diligence upon negotiable instruments according to the law merchant and other similar instruments. It is a question of what is due diligence by suit. The case of Mac kid’s executor and Davis was decided upon a verdict found, subject to the opinion of the court upon the general question of liability, without any special undertaking, to be so, in which the question of due diligence was not reserved by the finding, or by any exception in the progress of the trial. The case of Boals and M’Connel leaves the subject of due diligence equally at large : it is said the action would have been maintainable “ provided the en-dorsee had commenced suit against Ingledove (the ob-ligor) and he had proved insolvent, or upon using due diligence had failed to get the money.’’ There it appears no suit had been commenced. In the case of MKinney vs. M’Connel (a), decided in this court in 1808, what was negligence in that particular case, by holding up the note without suit for a length of time, was decided by the court upon a bill of exceptions in the progress of the trial below. But the ultimate point to which, the assignee shall proceed in attempting to get satisfaction of the judgment against the debtor in the assigned instrument, has notbeen decided. The declaration in this cause states no special agreement as to the ultimatum to which Smallwood should proceed against Clay ; he avers that he had used due diligence ; the jury refer i| *546 to the coürt whether the record referred to by them íñ their verdict amounts to due diligence. Whether the jury had referred to the court a question of fact or of law, seemed worthy of enquiry. In many cases the question of diligence must be compounded of facts and of the law resulting from those facts : in such cases the parties may move to have the jury instructed upon the law, to enable them to give a general verdict; or they may move to have a special finding of the facts, so as to reserve the question of law ; or the jury may of their own accord find such a special verdict. When the facts are agreed cr found, due diligence is a question of law to be adjudged by the court. That due diligence is a question oflaw to be decided by the court, is held in the cases adjudged in England upon bills oi exchange and promissory notes, and was embraced in the case of M'Kinney vs. M'Connel, before referred to, which arose upon a statutory assignment. As the property of the bond, bill or note assigned, passes by assignment to the assignee absolutely, so as to enable h'nn to sue in his own name, and so as to prevent the maker from being sued in the name of the original payee during the continuance of that assignment, as adjudged in Stockdon vs. Hall (a), and Neyfong vs. Wills (b) ; it seems to follow that the assignee ought to take every compulsory process of the law against the debtor, until his insolvency is established, or the suit and its incidental remedies prove insufficient to coerce payment. If the assignee is bound to diligence by suit, we cannot see any reason for saying he shall stop short of the legal process furnished bylaw for having or compelling execution of the judgment rendered in that suit.
A debtor may remove his goods and effects out of the sheriff’s bailiwick ; a return of nulla bona upon the peri facias is not evidence of the debtor’s having no goods in another county. The debtor may have means of payment which cannot be reached by the peri facias ; the law gives an execution against his person, to compel him to surrender his effects or pay the demand. The special bail, or bail to action, is a security against the debtor’s removal of his person beyond the jurisdiction of the court. If to omit holding to bail, where bail is of right demandable, would be deemed negligence, in case the debtor should be returned non *547 tst inventus, upon a capias ad satisfaciendum on that judgment, as it undoubtedly would be ; it seems to follow, that where it is given, the bail should be proceeded against, where a nan est inventus is returned to an execution.
The jury have found that the assignee used the steps contained in the record, and no other. That exhibits a judgment and two writs of fieri facias to the same county, returned “ no goods no capias ad satisfaciera dum had been taken, bail had been given and was responsible, according to the condition of his recognizance, for the surrender of the debtor, or payment of the debt. In case the debtor had been demanded, the bail might have caused him to pay, or to surrender himself in execution, which might have compelled payment. The jury have found nothing to excuse the asr signee from proceeding farther than he has done ; they have found nothing which would create an inference that a man ordinarily prudent and attentive to his own affairs, would not have proceeded farther. The record alluded to is no evidence of the insolvency of Samuel Clay, and therefore did not authorise a judgment in far vor of the assignee against his assignor.
The opinion of the court being with the defendant cn this point, it is unnecessary to notice other points which might otherwise have been called into view,,
Judgment affirmed.

 The fupreme court of Néw-Jerfíy, upon folemo argument, decided that an affi^nor, (without fraud, deceit, exprefs warranty or fpecial undertaking,) of an instrument not negotiable by the law merchant, was not icfponfible to the afíignee in cafe the debtor proved infolvent. The cafe of M'Kie’s executor Davis, 2 Walfh» 219, and the authorities there cited, are reviewed, and the cafe overruled. The cafe as reported by Pennington, 1 vol. p. 20, Garretsie vs. Van Ness, is worthy of the attention of the profeiTion, for the learning and ability uiTplaved on the queftion. See, alfo, fame vol. p. 158 — Vide 32 Modern 554—1 Ld. Raym. 443, Lambert vs. Oakes—2 Ld. Raym. 757, Clarke vs. Martin—774, Burton vs. Sowter—825, Williams vs. Cutting—6 Mod. 29, Buller vs Crips—2 Black. Com. 455— Wood’s Inft. 281.2,—Carth. 269, 510-Cro. Car. 301-12 Mod. 380,

 23 Wall 219.

 Pr. Dec. 152.

<a) Ante 239.

 Har. 160.

 Han 561.