OPINION of the court, by
Ch. J. Boyce.
This was an action of assumpsit, brought by Young against Cosby, upon the assignment of anote; and upon the plea of non assumpsit Cosby obtained a verdict and judgment ; to reverse which judgment this writ of error is prosecuted by Young.
On the trial, it appeared that Cosby, having a note upon Winn, assigned it to Young, who assigned it to Wells ; that Wells brought suit upon the note, and recovered judgment against Winn ; that a fieri facias was issued upon the judgment, and the sheriff having returned “ no estate found,” a ca. sa. was sued out, by virtue of which Winn was arrested and detained in nri- ... ¶. . ,r r . r 1 , son until he was discharged lor want ot security for the payment of the prison fees ; and that Wells then brought suit and recovered judgment against Yeung upon his assignment. Upon this state of the case Cosby moved the court to instruct the jury that if they believed from the evidence that Winn had property not liable to a fi. fa. or digit sufficient to discharge the execution at the time he was discharged for want ofsecu-rity for the prison fees, they ought to find for Cosby ; or that to entitle Young to recover, they should be satisfied that Winn had not such property : and the court accordingly so instructed the jury, to which Young excepted. .
The only question is, whether the court below erred in the instructions given to the jury?
It has been repeatedly decided by this court, that to entitle the assignee of a note or bond to recover of the assignor, it was necessary to shew that he had used due diligence by suit to recover the amount from the payor4 or obligor; but it has never been required of him to prosecute the suit against the payor or obligor farther than a man of ordinary prudence and diligence would do in a case where he was solely and exclusively interested. To make it necessary for him to do so, would be unreasonable and unjust, in as much as it would tend to accumulate costs without the prospect of any probable advantage to either of the parties. - '
Where a defendant in custody on a ca. sa. has property not withirj the reach of a fi. fa. prudence might *228 dictate the propriety of incurring the trouble and the expense of detaining him in prison by giving security for the prison fees, because there would in that case be a prospect of an ultimate indemnification : but where he had no such property, no man regardful of his interest would incur such trouble and expense, and therefore it would not be incumbent upon an assignee to do so to entitle him to recover of the assignor.
If Winn, the payor of the note in this case, had such property, it was incumbent upon Cosby to have proven it, as he held the affirmative ; and as the latter branch of the instructions given to the jury by requiring them to be satisfied that Winn had not such property, obviously imposed upon Young the necessity of proving the negative, in order to entitle him to recover, the instructions are so far clearly illegal and erroneous.
The judgment'must be reversed with costs, and the cause remanded for a new trial to be had.