Judge Owsley
delivered the opinion of the court.
This was an action brought in the circuit court by Colyer, for the purpose of obtaining compensation from Whitaker upon an assignment which be made to Colyer, of a note executed to him by a certain John R. Gibbins.
The declaration is in the accustomed form, and after stating the execution and assignment of the note, alledges that Colyer, after the exercise of all proper, legal, and reasonable diligence, by the prosecution of suit upon the note, was unable to collect the same; and avers, that Gibbins was, at the date of the assignment, and still is, totally insolvent.
The trial was had upon the general issue, and after the evidence was gone through, the court, at the instance of Whitaker, instructed the jury that Colyer had not used such diligence in prosecuting the demand against Gibbins, as would authorise him to recover against Whitaker upon his assignment. Exceptions were taken to the decision of the court, and the evidence spread upon the record; and the jury having found a verdict according to the court’s instructions, judgment was rendered against Colyer in bar of his action.
From that judgment he has appealed to this court—and the main question presented in the record, involves an enquiry into the correctness of the instructions given by the court to the jury.
In making this enquiry, as the instructions of the court were not hypothecated upon the finding of any fact by the jury, it is proper we should assume, as proven, every fact which the evidence conduced to prove: for as the court could not regularly try the facts, it must be presumed to have given its instructions upon the supposition of the facts, which the evidence conduced to prove, being fully established.
It may, therefore, be said to have been proven that, shortly and within a reasonable time after the note upon Gibbins became payable, Colyer had a petition and summons brought against him in the circuit court of the circuit wherein he resided, and caused the same to be served, and obtained judgment as speedily as the rules of proceedings in court, and the exercise of strict diligence, could authorise him; *198 but prior to judgment being obtained, Gibbins absconded with his property, and others of his creditors pursued him to a different county, and caused such of his property as could be procured, to be attached;—the attachment was however, for irregularity, quashed, and the property taken by fieri facias which issued in reasonable time upon the judgment of Colyer, and exposed to sale in partial satisfaction of the same. But no ca. sa. was ever issued against Gibbins, and from the evidence it is to be inferred that Colyer had no knowledge prior to the commencement of this action, and since Gibbins absconded, where he could be found.
An assignee of a note or bond rendered negotiable by statute, prefering a petition and summons to debt, & thereby waiving his right of bail, must shew payor’s insolvency by ca sa not by evidence aliande.
It should be observed, that as the note assigned by Whitaker is not negotiable, the principles applicable to endorsements of paper of that character cannot bear upon the present contest; but his liability must be tested by the rules which govern the assignment of obligations made assignable by the statute of this country.
And by adverting to the principles heretofore recognized in relation to such assignments, we apprehend, there can exist but little difficulty in sustaining the decision of the circuit court.
Thus in the case of Spratt against M'Kinny, 1st Bibb, 595, it was held that an allegation of the payor of the assigned note being insolvent could not excuse the assignee from suing the payor.
And in the case of Smallwood against Woods, 1 Bibb, 542, it was held that suit should not only be brought against the payor, but that the assignee should moreover use every compulsory process of the law, and all incidental remedies to compel payment.
These cases are clearly predicated upon the idea of the assignor not being liable unless by the exercise of proper diligence by the assignee, the payor should prove insolvent, and that the only legitimate evidence of insolvency is the record of a suit duly prosecuted upon the assigned note.
Cases may, no doubt, exist which would form exceptions to the general rule, requiring the prosecution of a suit—as for example, when the payor is absent from the country—then, as he could not be served with process, it would be unreasonable to require of the assignee to commence an action against him: but, we apprehend, in every case where the payor is amenable to the process of the law, a suit is indispensable to charge the endorser.
Pope for plaintiff, Hardin for defendant.
The prosecution of suit is, however, essential barely as a mean ascertaining and affording competent evidence of the payor's insolvency; and hence, if by the record he be ascertained to be insolvent, the form of action cannot be material.
But in the present case, the record against Gibbins affords no evidence of his insolvency, and as by pursuing his remedy by petition instead of debt, Colyer has waived the benefit of bail, furnished him by the rules of law, by which the insolvency of Gibbins might more certainly have been ascertained, he should not be permitted by evidence aliunde to shew the insolvency.
We are of opinion, therefore, that the court correctly instructed the jury that Colyer failed to use proper diligence in the prosecution of the demand against Gibbins, and consequently the judgment must be affirmed with costs.