THIS is an action on the case, hy the assignee a,. gainst the assignor of a promisory note, which was assigned before it became due. The day of payment was on the 24th of February, 18(9, about four days before the commencement of the next circuit, court in the county where the obligor resided. At that time, the obligor was absent on a trading tour in another state, but his family and a considerable estate, real *133 and persona], were in the county. No writ was issued to that court, and the obligor did not return home till the 15th day of May ensuing, and on the 19th of that month, the assignee issued his writ, which was returned by the sheriff, kept off by arms.” An alias was shortly afterwards issued, which was returned and executed the day following, one term more having been lost by the first return. At the third term, judgment was obtained, and at the same term divers others obtained judgments,, gnd by motion, obtained executions during term time, which the appellant did not, do. Large sums were made out o.f the estate of the obligor by others j but the .execution of the appellant was entirely ineffectual. The bail surrendered the obligor, and he took the oath of insolvency and was discharged. A few days after the obligor got home, he was accessible to his creditors, and á constable served a warrant on |um and took bail; but before the sheriff went to see him, or made any attempt to serve process on him, he furnished himself with a pair of pistols, and avowed his determination fo kill the sheriff, who had sundry -writs against him, if execution of the writs were attempted. He then went out of the county and remained until the Friday before the court commenced, • when the sheriff went tp his house, where were a number of his creditors doing business with him. The sheriff deposed that the obligor presented his pistols and directed him to stand off. But none others present recollected it. The sheriff did not however arrest him ; but threw down the petitions and summons, in his presence, issued at the suit of others, and remained at the house of Yancey, the obligor, for sometime. The creditors present, doing business with the obligor, persuaded the sheriff to go off. The sheriff ultimately said, that he had other business to attend to, and that he should not stay any longer, but made no agreement to go away.
The court on the motion of the defendant below, instructed the jury, that notwithstanding the obligor was out of the state when the noie fell due, and did not return until the 15th of May following, although the note fell due too late to sue and obtain judgment at the March term, next succeeding, if the obligor had been at home; yet, it was nevertheless the duty of the assignee to have brought suit, before the said March *134 term. This presents the first and main question for our decision.
2. It has been the uniform decision of this court, ever since the case of Smallwood vs. Woods, 1 Bibb 542, that it was incumbent on -the plaintiff to use due diligence by. suit against the obligor before he could resort to the assignor. But in no case has it been held, that he must use all possible diligence before he has his recourse. On the contrary, in the case of Young vs. Cosby, 3 Bibb 227, it is said, « That it has never been required of him to prosecute the suit against, the payor or obligor further than a man of ordinary prudence and diligence would do, in a case where he was solely and. exclusively interested. To make itnecessary for him to do go, would be unreasonable and unjust, inasmuch as it would tend to accumulate costs, without the prospect of any probable advantage to either of the parties.”
S. If, in this case, the obligor had been at home when the note became due, we cannot conceive that the assignee would have been bound to issue his writ to the first court, when there was no possibility of his getting a judgment without consent or confession. In such case, it is reasonable to presume that any person of ordinary prudence and diligence, would have delayed. As it was then known to both the parties that the obligor was absent at the assignment, that his family and estate, were here, and that his return was expected, the delay could not have been, a departure from the “ due diligence” required ; and we cannot see why the holder should be bound to use greater diligence on this state of the case, than if the obligor had been here. It may be said, that if he had issued his writ, and the sheriff had made to the first court á proper return of non #st inventus, an attachment might have issued and taken his estate under the act of assembly, allowing such proceedings; and at the next term a judgment might have been obtained. To this, two replies may be given : 1st. It was necessary for the sheriff to visit his residence before he could make such return, and in the pressure of business immediately preceding court, although he is bound to act promptly on every writ, yet he might be readily excused, for want of time, in three or four days, exclusive of hig other duties, from making such visjt, and consequent, *135 ly stich return thereon. The obtention of the attachlinent, anil the judgment following it at the next term, ¡might, therefore, have been very problematical and uncertain. 2dly. The circumstances of the obligoir át the time of the assignment, may and frequently ought to have some effect upon the recourse, which it is understood the assignee may have, against the assignor. For instance, a note may be given by a man * notoriously a non. resident, whose person and proper. 4y were known to both the contracting parties to be without the jurisdiction of the commonwealth. In Such case, it would lie fair to presume, that it was understood that the assignee was to follow him to the country where he dwelt, and there exercise the requisite diligence by suit; or the debtor might be a nonresident, and yet have both estate and debts here subject to his debt. In such case, it might not be going too far to say, that the assignee ought to resort to the chancery remedy furnished by statute against non residents, to subject the estate here. Rut where, as in this case, the debtor was a notorious resident of the county, and had a considerable estate and family here, and was well known to be absent temporarily only, and his return soon expected, it could not but be understood by the parlies, that the assignee was to await the return of the obligor; and if on that event taking place he did not pay the debt, then the assignee was to resort to the ordinary procees of law, and exercise due diligence in the pursuit thereof to compel a recovery, and it never could have been contemplated, in the absence of all proof on the subject, that the assignee was bound to resort to extraordinary process, and ¿¡a; parte proceedings, for the purpose of recovering the money. As the assignee did no more than await the return of the debtor, which happened in sufficient time for a suit before tbe n *xt court, we cannot conceive that he forfeited his recourse by doing so, and the court btlow, therefore,erred in instructing the jury that he did.
4. There were other instructions moved for the plaintiff in the court below, touching the question, whether the assignee had lost his recourse by the laches of the officer after the writ issued, or by not procuring an execution to issue until after the rising of the court, at which the judgment was obtained. On these points *136 the court- refused to instruct for the plaintiff below. But whether this refusal was occasioned by the opinion (if that court, being against the plaintiff below on the first point, or because the court conceived that these points also Were against theplantiff, is not very clear from the record. But as these points will probably again occur on another tr ial of the cause, and are now presented, we think proper to notice them, We havé not thought it necessary now to enquire into and determine the question. whether the laches ór mal.conduct of an officer, with regard to original process, ought to excuse the assignor from his liability. Suffice it to say, that if such conduct of the sheriff could exempt the assignor from responsibility in any case, it ought to beso gross and flagrant as to subject the officer to the whole debt and not to a partial recovery in damages, before the assignee could be compelled to commute his right of action against the assignor for one against the sheriff. Suffice it then to say, that although the evidence in this case is somewhat contradictory on this point, yet taking it in its strongest aspect against, the sheriff, we do not conceive that it made out such a case as warranted that court in instructing the jury against the plaintiff below.
5. As to the assignee not having applied for, and obtained an execution before the court rose, we shall on-!y say, that if be was bound to do soj it might become a question whether he might not have been more active than others in obtaining his execution, and whether he might not have outstripped them in making bis affidavit, making bis motion, and then l imning to the sheriff and getting his execution endorsed an hour, or even a minute before, them, before be could ask his recourse. We are not disposed to confine him to such niceties, or to adopt a rule so hard to be measured as the degrees of vigilance, which might or could have been exercised by those concerned. -We therefore conceive, that he was not bound to use these extraordinary exertions, or to move faster than the law in .its ordinary gate would permit him 5 and that he did not forfeit his recourse by waiting for his execution until the court adjourned. The judgment is therefore deemed erroneous and must be reversed with costs, and the verdict set aside, and the cause be remanded for new proceedings not inconsistent with this opinion.