YOUSE *v.* M'CREARY.

If a person, holding a bond for the payment of money secured by a mortgage on real estate, proceed first upon the mortgage, he is precluded by the statute of 1824 from any other remedy. But he may proceed first upon the bond to judgment, sell the mortgaged property on execution, and hold the obligor liable for any balance that may remain due: in this case, the obligee waives his claim under the mortgage, and the purchaser at sheriff's sale holds the land freed from the mortgage.

If the maker of a note be notoriously insolvent, the assignee may sue the assignor without having previously sued the maker.

If the assignee of a note cannot collect the money from the maker, he may recover from the assignor the amount paid for the assignment, together with interest and the costs of the suit against the maker. The amount of the note is *prima facie* evidence of the price received by the assignor; but he is at liberty to prove the real consideration.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit by *M'Crea-ry,* the assignee of a sealed note, against *Youse,* the assignor. The declaration states that the note was made on the 25th of *December,* 1824, by *Chesney* to *Kelly,* for 66 dollars and 66 cents, and assigned by the payee to *Youse,* who assigned it to *M'Creary.* It is also averred, that, at the time the note became due, the maker was insolvent, and has so continued ever since. The defendant pleaded the general issue. The following is the agreed case:—

"The parties in the above entitled cause, agree that the following are the true facts upon which this cause is founded, to wit, the writing obligatory upon the assignment of which this suit is founded,—together with two other notes, each of the same amount, one of which has since been paid by the maker, and the other of which has been prosecuted against him, and a part of the amount made by a sale of his property, and a judgment rendered for the balance against the defendant in this cause,—was executed by *Chesny,* at the time stated in the declaration, to the payee, in consideration of a house and lot in *Brownsville.* *Chesney* at the same time executed to the payee of the notes, a mortgage on the same house and lot, and duly acknowledged the same, for the amount of the notes, as a collateral security for their payment; and the mortgage was re-

May Term,
1829.

Youse
v.
M'Creary.

corded in proper time. Two of the notes, one of which is the foundation of this suit, were assigned to the defendant, as stated in the declaration, by the payee thereof; and, at the same time, the mortgage was, by the mortgagee, assigned to the defendant as a collateral security for the payment of these two notes. The defendant, *Youse*, assigned the said two notes to the plaintiff by a general assignment; and, at the same time, assigned the mortgage to him as a collateral security; in consideration of a wagon, worth about 65 dollars, sold and delivered by the plaintiff to the defendant. At the time the note specified in the declaration became due, *Chesny*, the maker, had not, nor has he yet, any property whatever, and was and is totally insolvent, except as to the said house and lot mortgaged as aforesaid; which house and lot, it is agreed, had, previously to the time the said note, upon the assignment of which this suit is founded, became due, been levied upon, taken in execution, and sold, by the said plaintiff, on a judgment obtained by him, in the *Union* Circuit Court, on one of the notes mentioned in the mortgage; and the same only sold for the sum of 20 dollars and 25 cents, 10 dollars and 25 cents of which were applied to the costs of the suit, and the balance applied to that judgment, the residue of which judgment still remains unpaid. The plaintiff has not proceeded on the mortgage, but still holds the same, not discharged, unless the sale of the mortgaged premises by his order, on the judgment aforesaid, should be considered a discharge. The plaintiff has a judgment unsatisfied against the defendant, *Youse*, in the *Union* Circuit Court, for 50 dollars and 6 cents, the balance due on one of the notes assigned as a consideration for said wagon, and has received satisfaction of *Chesny*, the maker, for the sum of 7 dollars and 50 cents of the amount of said note on which said judgment was rendered, by the sale of the mortgaged premises.

"The defendant contends, that if the plaintiff is entitled to recover, the measure of damages in this case should be, the consideration given for the assignment of the notes, with interest, to wit, 65 dollars, deducting the sum of 57 dollars and 6 cents, a part of which was heretofore made, and for the balance of which judgment has already been rendered on the other note. The plaintiff contends, that he is entitled to recover the face of the note, with interest, regardless of the value

given for the assignment, as the assignment is general, and no special contract relative to the matter.

"Now if the plaintiff is entitled to recover, under this statement of facts, then the Court will render judgment for him, and assess his damages. But if the Court should be of a different opinion, then a judgment is to be rendered for the defendant.

*O. H. Smith,* for the plff.
*Rariden,* for the deft."

The Circuit Court gave judgment in favour of the plaintiff, for the amount of the note specified in the declaration with interest, to wit, for 68 dollars and 90 cents; together with costs.

The first question in this cause is, whether the plaintiff can recover, under the circumstances of this case? It is contended that, as the assignment of a mortgage accompanied that of the bond, the plaintiff was obliged, by the statute of 1824, to rely upon the mortgaged premises alone for the payment of the debt. We think, however, that he was not. To be sure, if the holder of a bond and mortgage elects to proceed first upon the mortgage, he is precluded, by the express terms of the statute, from any other remedy (1). But there is nothing in the statute, in our opinion, to prevent such a holder from proceeding first upon his bond, selling the mortgaged premises on execution, and thus electing to abandon the mortgage. In this case, *M'Creary,* in selling the house and lot on his execution, waived any claim he might have had under the mortgage; and the purchaser at sheriff's sale received the property freed from the mortgage. The consequence is, that, according to the facts agreed on, the complete insolvency of *Chesny* was established, as alleged in the declaration. In cases of that kind, to wit, of the maker's notorious insolvency, a suit against him, in our opinion, is not necessary in order to bind the endorser. The plaintiff, therefore, in this case, had a right to recover.

The next question for our consideration is, what is the measure of damages in an action, like the present, on the assignment of an obligation? It appears to us, that where the money cannot be obtained from the maker of the note, the consideration which moved from the assignor for whatever he receives for the note, thereby fails; and he should then be liable for the

value which he had received from the assignee for that consideration, with interest, and the costs of the suit against the maker. See 1 Bibb, 545. The amount of the note is *prima facie* evidence that that was the price paid for the assignment; but this ought not, we think, to prevent the assignor from showing that the real value he received was less than the face of the note. The intention of our statute, making obligations assignable, will be best answered, as we conceive, by this construction. In the present case, the defendant received from the plaintiff a wagon, worth a certain sum, on a consideration which has failed in consequence of *Chesny's* insolvency; and the defendant would be bound to return the value of the wagon, with interest, had the plaintiff received nothing from the maker in the suit on the other note; and had he not a judgment already, against the *defendant himself*, on the assignment of that note. These circumstances, however, must affect the amount of the judgment to be recovered in the present case. The correct rule for the assessment of the damages, which the plaintiff, *M'Creary*, may be entitled to recover, if any, we consider to be this:—From the agreed value of the wagon, with the interest, must be deducted the amount received by the plaintiff on his judgment against *Chesny* on the other note, and also the amount of the plaintiff's judgment obtained against the defendant on the assignment of that note, exclusive of costs. We think that the rule adopted by the Circuit Court, in this case, in assessing the damages, to wit, that the face of the note must regulate the amount, is not in accordance with the spirit of our statute making these obligations assignable.

The judgment must be reversed, and the cause remanded for a new assessment of damages.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Rariden*, for the plaintiff.
*Smith*, for the defendant.

---

(1) The statute of 1824, referred to in the text, is repealed. Vide Stat. 1830, p. 50.—R. C. 1831, p. 244.