## FOUST ET AL. *v.* GREGG.

PROMISSORY NOTE.—*Liability of Assignor of Non-Negotiable Paper.*—*Measure of Damages.*—*Evidence.*—Where the assignee of a promissory note, not negotiable by the law merchant, can not collect the amount thereof from the maker, the consideration which moved from the assignor for whatever he received for the note thereby fails, and he is then liable for the value which he received from the assignee for that consideration, with interest and costs of suit against the maker. The amount of the note is *prima facie* evidence that that was the price paid for the assignment; but this will not prevent the assignor from showing that the real price he received was less than the face of the note.

HARMLESS ERROR.—*Practice.*—There is no error in sustaining a demurrer to special paragraphs of reply, when all the evidence which could be offered thereunder is admissible under the general denial.

From the Whitley Circuit Court.

*W. Olds, M. Sickafoose, J. M. Coombs, J. Morris* and *R. C. Bell,* for appellants.

*J. S. Collins, J. W. Adair* and *R. Collins,* for appellee.

SCOTT, J.—This action was brought by the appellants, against the appellees, on the endorsement of certain promissory notes. Answer in four paragraphs, the first of which was the general denial. The other paragraphs set out the entire transaction between the parties, in different forms.

There was a reply in six paragraphs. The complaint, answer and reply cover fifty-four pages of closely written record. A demurrer to the second, third and fourth paragraphs was overruled, and exceptions entered. The first paragraph of the reply was the general denial. A demurrer was sustained to the second, third, fourth, fifth and sixth paragraphs of the reply and exceptions entered. There was a trial by the court, a jury having been waived, and finding for the defendant; motion for a new trial overruled and exception, and judgment on the finding.

The issues were so framed as to present two questions: The question of due diligence, and the measure of dam-

ages in a suit by an assignee against an endorser of a promissory note, not negotiable as by the law merchant. This latter question is the only question argued by counsel of appellants in their very able brief.

Counsel for appellants contend that the contract of an endorser of a promissory note, not negotiable as by the law merchant, is, that the note is a valid note, that the same can be made off of the maker by due diligence; and that, if due diligence be exercised in attempting to collect the amount of the note by the assignee, and the money can not be collected, the endorser agrees to pay the full face of the note, with interest

It appears to us that, where the money can not be collected from the maker of the note, the consideration which moved from the assignor for whatever he received for the note thereby fails; and he should then be liable for the value which he had received from the assignee for that consideration, with interest and costs of suit, against the maker. The amount of the note is *prima facie* evidence that that was the price paid for the assignment; but this ought not, we think, to prevent the assignor from showing that the real price he received was less than the face of the note. *Youse* v. *McCreary*, 2 Blackf. 243; *Smallwood* v. *Woods*, 1 Bibb, 542; *Black* v. *Duncan*, 60 Ind. 522.

The ruling of the court upon the demurrer to the answers seems to have been made in accordance with this view of the law as to the measure of damages upon the case made, and was, therefore, correct.

There was no error in sustaining the demurrer to the replies, for all the evidence which could have been offered under these replies was properly admissible under the general denial.

The whole case seems to have been fully and fairly tried upon the question of due diligence, and that issue was found for the defendant. There is no error in the record.

The judgment is affirmed, at the costs of the appellant.