TURNER v. ALLEN.

COVENANT.—*Breach of Warranty as a Defence to a Foreclosure.—Res Adjudicata.—Evidence.—Former Adjudication.*—In an action for the collection of a promissory note, and for the foreclosure of a mortgage given to secure payment thereof, wherein the defendant answered that the note and mortgage were given solely for the purchase-money for the mortgaged premises, which had been conveyed by the plaintiff to the defendant by warranty deed, and that there had been a breach of the covenants of such deed by reason of the fact that the defendant had been kept out of possession by a tenant holding under the plaintiff, and had expended money in ejecting the tenant, the plaintiff replied that the matters alleged in the answer had been adjudicated upon in a former action by the mortgagor, against the mortgagee, on the covenants of warranty, for breach thereof. The plaintiff, on the trial, offered in evidence a transcript of the pleadings, proceedings and judgment in an action by the mortgagor, against the mortgagee, for a breach of the covenants of such deed.

*Held,* that the evidence offered was competent.

*Held,* also, that the breach alleged in the answer was fairly presented by the issues made in the former action, and therefore must be deemed to be "at rest forever."

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham,* for appellant.

*W. Neal, J. W. Evans* and *R. R. Stephenson,* for appellee.

Howk, J.—This was a suit by the appellee, against the appellant, upon a mortgage and note executed by the appellant to the appellee, for the collection of the note and the foreclosure of the mortgage. To the appellee's complaint, the appellant answered in two paragraphs, in substance, as follows.

1. A general denial; and,

2. That the note and mortgage in suit were executed by the appellant to the appellee, in consideration and to secure the payment of the purchase-money of the real estate described in said mortgage, for which the appellee executed to the appellant a warranty deed, a copy of which was filed with and made a part of said paragraph of answer; that there was a breach of said warranty, in this, that be-

fore and at the time of the execution and delivery of said deed, the appellee had rented and leased said property to one Albert R. Tucker, who then and there had and took possession of the same by virtue of said lease, and then and there kept the possession thereof for the term of one year, which was worth the sum of two hundred dollars and a damage to the appellant of that amount; that, in order to remove said Tucker from said premises, the appellant was compelled to institute suits against him for the possession thereof, which cost the appellant three hundred dollars; and his time and trouble, in attending to said suits, were worth two hundred dollars. Wherefore the appellant said, that he had been damaged, by reason of said breach of said warranty, in the sum of eight hundred dollars, which he demanded might be deducted from any amount that might be found due on said note and mortgage; and that, if an overplus should be found due the appellant, he should have judgment therefor.

To this second paragraph of answer, the appellee replied in two paragraphs, in substance, as follows.

1. A general denial; and,

2. That all of the matters set up in the said second paragraph of the appellant's answer had been theretofore fully adjudicated in the Hamilton Circuit Court, in a former trial between the parties to this suit.

The issues thus joined were tried by the court, and a finding was made and judgment rendered in favor of the appellee, and against the appellant, for the full amount due on the note and for the foreclosure of the mortgage, in due form of law. The appellant's motion for a new trial having been overruled, and his exception entered to this decision, he appealed from the judgment rendered to this court.

The only error properly assigned by the appellant in this court is the decision of the court below, in overruling

his motion for a new trial. In this motion, the following causes were assigned by the appellant for such new trial : .

1. Error of the court in overruling the appellant's objection to the admission in evidence of the record and judgment in an action in the Hamilton Circuit Court, wherein the appellant was plaintiff and the appellee was defendant ;

2. Because the damages were excessive ;

3. Because the finding was contrary to law ; and,

4. Because the finding was not sustained by sufficient evidence.

In their argument of this cause, in this court, the appellant's counsel have complained only of the alleged error of the court below, in overruling the appellant's objection to the admission in evidence of the record and judgment mentioned in the first cause assigned for a new trial. It is admitted by the appellant, and it clearly appears from the record and judgment offered in evidence, that his cause of action, as set out in said record, and his cause of defence, as stated in the second paragraph of his answer in this case, were alike founded upon the same breach of the same warranty in the same deed. As we have seen, the second paragraph of the appellee's reply set up and relied upon the former adjudication of the defence stated in the second paragraph of the appellant's answer. The record of this former adjudication was, therefore, pertinent to the issues joined, and, we think, clearly admissible in evidence. The appellant's objection to the admission of this record in evidence, as stated in the bill of exceptions in this case, was, " that the defence set up to this action is simply a recoupment of damages on account of the defendant being left out of the enjoyment of the property set out in said deed, and the matter litigated in the former trial was for a breach of the warranty contained in the deed and a failure of title." This objection, as it seems to us, states a dis-

tinction where there is no material difference. The defence in this action, and the cause of action in the former action, both sought the recovery of damages, for the same breach of the same covenant of warranty. It is clear, therefore, that all the matters which fairly arise under the second paragraph of the appellant's answer, in this case, might have been litigated, tried and determined in the former action between the same parties. In such a case, the law is well settled, that all those matters must be considered as "at rest forever." *Fischli* v. *Fischli*, 1 Blackf. 360; *Crosby* v. *Jeroloman*, 37 Ind. 264; *Bates* v. *Spooner*, 45 Ind. 489; and *Richardson* v. *Jones*, 58 Ind. 240.

In our opinion, the court committed no error in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.