10,019.

## FELTON v. SMITH.

RES ADJUDICATA.—*Promissory Note.*—*Judgment on Partial Defence.*—*Consideration.*—Where, in an action on one of a series of notes, there is a plea of partial failure of consideration, the judgment does not necessarily determine any question as to the remaining notes.

SAME.—*When Former Judgment Determines Entire Controversy.*—Where, in such case, a defence is pleaded covering the whole subject-matter, and judgment is rendered thereon, it will be regarded as a complete adjudication of the entire matter, and may be pleaded in bar of an action on any note of the same series executed for the same consideration.

SAME.—*Judgment for Part of Note.*—*Effect of Recovery of Less than Face of Note.*—Where a partial defence is pleaded to one of a series of notes, and a judgment is rendered for less than the face of the note, this does not, of itself, entitle the plaintiff to the apportionment of a like amount on the other notes of the series; nor, on the other hand, is the defendant entitled to claim that it constitutes, in itself, a bar to a recovery of any sum on the other notes.

SAME.—*Estoppel by Judgment.*—An estoppel by judgment is never inferred unless the basis on which it rests is such as to lead to the conclusion that the whole subject was litigated and adjudicated.

SAME.—*Former Adjudication.*—*Parol Evidence.*—It is proper in some cases to give parol evidence to show what was actually litigated in the cause wherein the judgment relied on was rendered.

SAME.—*Actions on Several and Distinct Contracts.*—Where the action is on one of several distinct and independent contracts, the rule that whatever might have been litigated will be deemed to have been litigated, applies in its full force only to the particular contract sued on. *Davis* v. *Brown,* 94 U. S. 423, approved.

PROMISSORY NOTE.—*Assignment of.*—*Not Payable in Bank.*—*Recovery Against Assignor.*—*Presumption.*—The amount recoverable in an action on the assignment of a promissory note not payable in bank is, as a general rule, the amount paid by the assignee; and, in the absence of evidence to the contrary, this is presumed to be the face of the note.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries,* for appellant.

*E. C. Snyder,* for appellee.

ELLIOTT, J.—The appellee succeeded in the court below upon the defence of a former adjudication, and the appellant contends that the judgment in the former action not only did not settle the controversy in appellee's favor, but, so far from doing so, actually determined the questions in issue in that action, as well as all questions involved in the present action, in favor of the appellant. Our opinion is that both parties are wrong, the appellant as claiming far too broad a scope for the judgment in the former action, and the appellee as incorrectly extending it beyond its just and legal effect, but in a different direction. We think the appellant is, however, so far in the right as to entitle him to a judgment of reversal.

The action is upon the assignment of the second of a series of four promissory notes; the former action was upon the first of the same series of notes. In that action the appellee pleaded the general denial; that the assignment was without consideration; that the consideration for the assignment of the four notes was $200; that the consideration of the assignment was $100, and no more; and that the defendant was entitled to a set-off of $100. Replies were filed; trial had, resulting in a verdict and judgment for appellant, who was there the plaintiff, in the sum of $300, which was $350 less than the principal and interest of the note sued on, and $250 less after allowing $100 on account of the set-off pleaded.

It is evident that the appellee recovered on the plea of set-off and on his plea averring partial failure of consideration. That plea is a peculiar one. It professes to be only a partial answer; avers that the interest in property which formed the

consideration for the assignment was of the value of not more than $200, and concludes thus: "Wherefore defendant says plaintiff should not recover more than $200." It thus appears that the defence is a partial one to the single cause of action declared on; a decision on it did not, therefore, necessarily settle the whole controversy. Appellee's contention is that appellant recovered in the former action the entire consideration for the four assignments. This position rests upon the assumption that the recovery in that action exhausted the whole consideration. If this assumption is made good the conclusion must follow; but is it? The general verdict was against the appellee except only as to the amount of recovery, and was, therefore, adverse to him on all other questions. It is difficult to justify his assumption with the verdict directly against him; but suppose it is granted that the verdict does sustain his partial defence, then the further question springs up, did it sustain the defence further than was necessary to enable the jury to determine the amount of recovery upon the particular cause of action declared on? The assumption is rested on the ground that as the jury found less than the amount due upon the note after deducting the set-off, they must have found for him upon his answer that the consideration for the four notes was not more than $200. But this will not do, for the issue tried was that tendered by the complaint; the finding was upon the one cause of action declared on, and the damages were assessed upon that one cause of action, and no other. In finding for the plaintiff the jury necessarily found for him on the cause of action declared on, and in assessing damages assessed them on that one cause of action, and no other.

The four assignments were as many separate and distinct causes of action, upon each of which an action might be maintained. The cause of action sued on in this case was independent of the others, and the recovery of the appellant was on that one cause of action alone. The amount awarded him was not upon three contracts not sued on, and which constituted independent causes of action, but upon the one contract

sued on. The verdict and judgment settled nothing more than the right of the appellant to recover on the cause of action stated in the complaint. In *Campbell* v. *Board, etc.,* 71 Ind. 185, it is said: "A recovery on a part of a cause of action which is divisible is not a bar to an action brought upon the other part; but a recovery on the whole cause of action, of only a part of the amount, is a bar to a suit brought on the same cause of action for the balance of the amount."

Where a judgment settles the entire defence to a series of notes, although rendered upon one only of the series, it conclusively adjudicates the controversy as to all of the series. This is so, however, only where the entire subject-matter of the defence is litigated in the one action, and is determined by the judgment. It is not so where the litigation is as to the one note declared on, and the judgment does not extend to the whole subject-matter of the entire series of notes. *French* v. *Howard,* 14 Ind. 455; *Hereth* v. *Yandes,* 34 Ind. 102; *Turner.* v. *Allen,* 66 Ind. 252; *Gardner* v. *Buckbee,* 3 Cowen, 120 (S. C., 15 Am. Dec. 256); *Edgell* v. *Sigerson,* 26 Mo. 583; *Hazen* v. *Reed,* 30 Mich. 331. In this case it can not be said that the judgment determined the entire controversy, for the appellee did not succeed upon the issues tendered by him; nor, on the other hand, did the appellant obtain judgment for all he claimed. If the latter had recovered judgment for the full amount claimed, he could not successfully claim that it settled his right to recover on all the other notes. Nor can it be justly said in the case before us that the whole subject-matter of the controversy was litigated, for the defences pleaded were different, and those professing to go to the entire subject-matter did not necessarily involve an investigation to an extent beyond what was necessary to ascertain the appellant's measure of damages. This we say for the reason that under a plea of want of consideration partial failure may be shown.

If the verdict and judgment had sustained the plea of want of consideration, then it might, with some plausibility, have been maintained that the whole controversy was deter-

mined; but this they did not do, for they merely cut down the appellant's damages, and did not find that he had no cause of action. The appellant established his cause of action, but he did not recover all the damages his *prima facie* case entitled him to, and his adversary did not succeed in establishing any defences except such as went to the amount of recovery, and it can not be said that this extended beyond the cause of action declared on. The issue decided was really as to the amount to be recovered on that single cause of action, and not as to the amount to be recovered upon some other cause of action. If the appellee had filed a counter-claim showing cause for the cancellation of the other notes, a different case would have been presented. But, whatever may be the rule in such a case, the judgment in the one at bar settles nothing more than the measure of recovery in the cause of action declared on. It does not conclude the appellant from maintaining an action on his other notes; nor, on the other hand, does it preclude the appellee from defending against them. The former can not claim that, as he recovered $300 on the note sued on in the former action, he is, by force of that judgment, entitled to recover a like sum on each of the other three notes; nor can the latter justly claim that, as he succeeded in cutting down the amount of the recovery, he is entitled to have the judgment regarded as conclusively settling the question that the consideration for the endorsement of the four notes was no more than the sum recovered in that action.

If the sum recovered in the former action was the entire consideration paid for the endorsement of the four notes, then there can be no recovery on the other three contracts of endorsements; but this is a defence altogether different from that of *res adjudicata,* as here relied on. It is a defence not to be made out by the mere production of the record of the former action, but to be made out by supplementing evidence of the former action and judgment with proof of the fact that all of the consideration was exhausted in the former recovery. The record of that recovery does not show that the sum allowed as dama-

ges exhausted the consideration for all the notes. Nothing more can be justly claimed for that record than that it shows that the defence prevailed to the extent of $250, and that, although the plaintiff established a cause of action, he showed himself entitled to only the amount of damages awarded by the jury.

The fact, that the appellant recovered less than the sum his prima facie case gave him a right to, does not settle his right of recovery upon distinct and independent causes of action not sued on in the former action. The appellee can not affirm that the mere fact that the recovery was cut down entitles him to a presumption that his defence prevailed. It may well be that the jury found less than the appellant was entitled to recover, but this would give the appellee no cause of complaint, nor render the verdict ill, nor yet make it conclusive as to other causes of action. Wolf v. Goodhue F. Ins. Co., 43 Barb. 400, affirmed 41 N. Y. 620. In Hargus v. Goodman, 12 Ind. 629, it is shown that a judgment is not conclusive unless the point claimed to have been litigated was essential to the support of the judgment, and this principle must apply to a case like this, if to any, for the amount of recovery upon the note sued on might well be cut down without looking beyond to other and different notes.

The case of Clark v. Sammons, 12 Iowa, 368, is in point, and illustrates the distinction we have endeavored to make between a total and a partial defence. In that case two notes were given for personal property. To the complaint on the first note the defendant pleaded a breach of the warranty and a failure of consideration; and in the action upon the second note it was held that the defence of failure of consideration might be pleaded. The court there said: "The plea of failure of consideration in the first suit applied solely to the matters then in issue, to the claim of plaintiff, as then pleaded." So it is here, for so far as concerned the amount of recovery the question in the former action was, how much is the appellant entitled to recover on the note in suit? All the jury determined was that he was entitled to recover the amount assessed

in his favor; they did and could not go outside of the issue to settle the amount of recovery on other independent causes of action.

Suppose that the appellant had recovered the full amount claimed to be due on the note sued on, would the appellee have been precluded from pleading failure of consideration as to the notes not declared on in that action? Is it not perfectly plain that the judgment would have settled the measure of recovery as to that one note, and have left the question of the amount to be recovered upon the other notes to be disposed of in another action, or in other actions? If it be true that judgment for the full amount would have settled the question only as to the one note, then it must also be true that the plaintiff might maintain an action on the other notes, and the defendant rightfully plead failure of consideration. If this be not correct, then the recovery by the plaintiff on one note must be held to conclusively settle his right to a recovery on all the other notes, and this conclusion is manifestly wrong, for it might well be that the consideration recovered included the entire consideration for all of the other notes. If it be granted that a recovery by the plaintiff settles not only the question as to the particular note, but also as to all the other notes, then the judgment in the former action, instead of barring the appellant, barred the appellee to the extent at least of the amount recovered, and this is, plainly enough, an erroneous conclusion. On the other hand, if the consideration recovered on the first note was only the proportion which the amount of the note bore to the entire consideration, the appellant would be unjustly deprived of his rights if the former recovery should be held a bar. The only solution of the difficulty is to hold that where the defence prevails so far as to cut down damages, and does not overthrow the cause of action, there is no adjudication of the entire controversy, and the judgment is to be confined to the cause of action declared on in the suit wherein the judgment was rendered. The judgment is, of course, evidence, and if it be shown by other evi-

dence that it took up the consideration for all the notes, then the defendant must prevail.

It is apparent that the judgment in this case does not estop both parties, except as to the one note sued on in the former action. It is evident, as we have seen, that it can not be an estoppel against the appellee except as to the one note sued on, for, if it is, then it binds him to pay upon all the other notes the sum recovered on the one in suit. It is, we repeat, a mutual estoppel only as to the one note, and when its mutuality ends, so does its effect as an estoppel. The parties are bound so far as the first note is concerned, but they are not concluded as to the other notes.

The authorities recognize a difference between the effect of a judgment when pleaded as a bar to an action upon the instrument sued on in the first action and another of the same series and founded upon the same transaction. In *Davis* v. *Brown*, 94 U. S. 423, the court, in speaking of the position taken by counsel, said: " In taking this position, counsel have confounded the operation of a judgment upon the demand involved in the action, in which the judgment was rendered, with its operation as an estoppel in another action between the parties upon a different demand. So far as the demand involved in the action is concerned, the judgment has closed all controversy; its validity is no longer open to contestation, whatever might have been said or proved at the trial for or against it. The judgment is not only conclusive as to what was actually determined respecting such demand, but as to every matter which might have been brought forward and determined respecting it; and that is all that the language means which is quoted by counsel from opinions in adjudged cases, in seeming consonance with his position." *Cromwell* v. *County, etc.*, 94 U. S. 351 ; *Russell* v. *Place*, 94 U. S. 606. This doctrine is carried very far, quite as far, perhaps, as it is possible to do without encroaching upon settled principles, in *Roberts* v. *Robeson*, 27 Ind. 454, wherein it was held that a judgment declaring an assignment void was only conclusive as to the

particular property involved in that action. There is reason for the general rule, and it ought surely to apply to a case like this, where the only thing really settled in the former action was the plaintiff's right to recover a specified sum on the demand there sued on, and where, except as to the mere question of amount, all issues were decided in favor of the plaintiff. It is clear that in that case there was only a partial recovery, and, therefore, only a partial adjudication upon the entire transaction out of which the demand arose, and it would be a violation of settled principles to stretch that judgment so as to make it include claims not in litigation in that action.

Estoppels are not to be inferred, and we are not at liberty to infer that the judgment in the former action settled the controversy so as to include notes not sued on. "It is allowable," says the Supreme Court of Massachusetts, "to reason back from a judgment to the basis on which it stands, 'upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.' But such an inference must be inevitable, or it can not be drawn." *Burlen* v. *Shannon*, 99 Mass. 200 ; *Lea* v. *Lea*, 99 Mass. 493. The conclusion that the whole subject of consideration was settled in the former action, so far from being an inevitable one from the judgment, is in truth an improbable one. The strong probability, if not the moral certainty, is, that, with the single cause of action before them, the jury looked to nothing else, and the measure of damages adopted by them was adopted with exclusive reference to that one cause of action. In other words, that they regarded the proportion of the whole consideration due upon the note in suit to be the just measure of recovery on that one demand. In *Packet Company* v. *Sickles*, 5 Wal. 580, it was said, speaking of an estoppel by judgment, that it was conclusive if it appeared "that the verdict could not have been rendered without deciding the particular matter." In this case it is very plain that the damages awarded the ap-

pellant in the former action might have been awarded without deciding anything at all as to the other notes.

We think a partial success upon a partial defence can not be fairly regarded as making an estoppel as to demands not embraced in the action in which the judgment was rendered. The conclusion to which we are carried is that the judgment is conclusive as to the first note, but not as to the assignments not sued on in that action.

It can no more be said that the judgment took up the whole consideration for the four contracts than that it applied the whole deduction on account of the failure of consideration to the one contract, leaving the consideration for the other three notes intact. It is impossible to say whether the whole consideration for the four assignments was included in the amount assessed by the jury in favor of the appellee, or whether the entire amount of the failure was deducted from the one sued on, thus leaving a full consideration for each of the other contracts. The only manner in which justice can be done these parties, and a safe precedent established, is to hold that the judgment settled the controversy upon the issue joined on the single cause of action declared on in the former action, and this is clearly the rule declared in the cases cited.

Evidence might properly have been given to show that the judgment did in fact exhaust the whole consideration, but no such evidence was adduced. The only evidence in addition to the record of the proceedings in the former, is this agreement of the parties, viz.: That all the four notes were assigned to the plaintiff for his interest in the mill property, and that there was the one consideration for the four notes; that, in consideration of the assignment of the four notes, Felton delivered full possession of the property to Smith, but there was no agreement as to how much the consideration was. The plaintiff claimed that it was the full face of the four notes; the defendant claimed that the consideration was settled in the former action, and that it was $300 for all the notes, while the plaintiff claimed the consideration for all the notes to be $4,000.

This agreement shows that the question of consideration was left an open one, and that the appellee succeeded solely upon the plea of former adjudication.

It is established by many decisions that the consideration of an assignment of a note not payable in bank, in the absence of evidence to the contrary, is to be deemed the amount evidenced by the note. *Foust* v. *Gregg*, 68 Ind. 399 ; *Black* v. *Duncan*, 60 Ind. 522 ; *Lee* v. *Pile*, 37 Ind. 107 ; *Youse* v. *McCreary*, 2 Blackf. 243 ; *Johnston* v. *Dickson*, 1 Blackf. 256. The appellant, therefore, made a *prima facie* case when the note and assignment were put in evidence, and cast upon the appellee the duty of showing that the consideration was fully exhausted by the former judgment, or that the whole controversy, as well that part involved in the former action as that embraced in this, was determined ; and as no attempt was made to show that the consideration was all taken up, his success was therefore solely upon the former judgment, and this, as we have shown, did not of itself entitle him to a recovery.

Judgment reversed.