Filed Feb. 14, 1884.

---

### No. 9510.

### CLEVELAND *v.* CREVISTON.

PROMISSORY NOTE.—*Judgment.*—*Estoppel.*—*Res Adjudicata.*—Where several notes are given for different instalments, under such circumstances that a defence good as to one of them is necessarily good as to the others, a judgment for the defendant in a suit upon one, sustaining that defence, is an estoppel as to the others.

From the Marshall Circuit Court.

*A. C. Capron*, for appellant.

*M. A. O. Packard* and *O. M. Packard*, for appellee.

NIBLACK, J.—Action by David B. Creviston, as assignee of the Birdsell Manufacturing Company, against John W. Cleveland, upon a promissory note for $100, payable to said manufacturing company and assigned by it to the plaintiff.

The defendant answered admitting the execution of the note, but averring that it was executed under the following circumstances: That prior to the time at which the note bears date, he had, in good faith, purchased from one Arthur C. Caton three combined clover threshers, hullers and cleaners, manufactured by the McDonald Company at Wooster, in the State of Ohio, for which he had paid full price; that thereupon the officers and agents of the Birdsell Manufacturing Company represented to him that said company held a patent from the government of the United States conferring upon it the exclusive right to manufacture and sell said machines, and demanded of him a royalty of $100 on each machine; that he, the defendant, claimed that said company's

right to collect a royalty on said machines had been released by it before he purchased them of the said Caton; that it was finally agreed that he should execute to the manufacturing company his three promissory notes for the aggregate sum of $300, each payable at a different interval of time, and that if it should be thereafter ascertained that the company's claim for royalty had been previously released, such notes were to be surrendered and cancelled; that he, the defendant, accordingly executed to said Birdsell Manufacturing Company three promissory notes for $100 each, payable at different periods, the last of the series being the note sued on in this action; that he, the defendant, afterwards ascertained that said manufacturing company had previously, for a valuable consideration, and while said Caton was the owner thereof, released all claim to royalty upon the machines in question, of which fact he, the defendant, gave notice to the officers and agents of such company; that in the mean time the plaintiff had purchased the note in suit and another note of the same series falling due at an earlier date, with full knowledge of all the facts connected with their execution; that after the first of the two notes so purchased by the plaintiff became due, he, the plaintiff, commenced suit upon it against the defendant before a justice of the peace of Marshall county, which suit, after judgment before the justice, was appealed to the Marshall Circuit Court; that the defendant pleaded the facts herein above set forth as a defence to the action upon that note; that upon an issue found upon such answer in that suit, there was a trial in said circuit court, resulting in a verdict and judgment for the defendant; that said judgment remained in full force. Wherefore the defendant claimed that the plaintiff was estopped from prosecuting this or any other action against him upon the note described in the complaint.

A demurrer, alleging a want of sufficient facts, was sustained to the answer, and, the defendant declining to answer further, final judgment was rendered against him for the

Cleveland v. Creviston.

amount of the note, with interest and other charges claimed to be due thereon.

The only question presented for decision is: Did the circuit court err in sustaining the demurrer to the answer?

It is said in Wells on Res Adjudicata, at page 203, section 233, that, "As to instalments, the rule has already been stated to be that where there are two or more promissory notes (or bonds) executed as a part of the same transaction, so that what affects the one must affect the other in like manner, an adjudication upon one will determine that upon the other— and this applies to defences, as where suit has been brought on the first of two notes given for instalments of purchase-money of real estate, and judgment is rendered for the plaintiff on a particular defence, that defence is not thereafter available in a suit on the other note."

The rule thus stated is, in principle, nothing more than an affirmation and an extension of the doctrine announced in the Duchess of Kingston's Case, 2 Sm. Lead. Cas. 609, in which it was said, "that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court."

In the case of Gardner v. Buckbee, 3 Cowen, 120, it was held by the Supreme Court of the State of New York, that a verdict and judgment in the Marine Court of New York City upon one of two notes given upon the sale of a vessel, that the sale was fraudulent, the vessel being at the time unseaworthy, were conclusive upon the question of the character of the sale, in an action upon the other note between the same parties in the court of common pleas of that State, and that case was commented upon and approved by the Supreme Court of the United States in the case of Cromwell v. County of Sac, 94 U. S. 351. The same doctrine has been, either expressly or impliedly, recognized by this court in several decided cases. Hargus v. Goodman, 12 Ind. 629; French v.

*Howard,* 14 Ind. 455 ; *Hereth* v. *Yandes,* 34 Ind. 102 ; *Bates* v. *Spooner,* 45 Ind. 489 ; *Griffin* v. *Wallace,* 66 Ind. 410 ; *Foster* v. *Konkright,* 70 Ind. 123 ; *Felton* v. *Smith,* 88 Ind. 149 (45 Am. R. 454) ; 6 Waits Actions and Defenses 767.

In the light of the foregoing authorities, the inevitable inference appears to us to be that the answer in this case constituted a good defence to the action, and that consequently the circuit court erred in holding it to be insufficient upon demurrer.

The judgment is reversed with costs, and the cause remanded for further proceedings.

Filed Jan. 22, 1884.