Farrar v. Clark et al.

Filed Oct. 9, 1884.

---

No. 11,105.

FARRAR v. CLARK ET AL.

EJECTMENT.—*Evidence.*—*Effect of Decree Quieting Title.*—*Res Adjudicata.*— A decree in favor of one out of possession against one in possession, quieting the title of the former free from all claims of the latter except a lien for taxes, is proper evidence for the former against the latter in a subsequent suit for the possession, and concludes the latter not only as to the title, but as to any right of possession not afterwards acquired.

From the Miami Circuit Court.

*J. Farrar, J. L. Farrar* and *W. C. Farrar*, for appellant.

*H. J. Shirk, J. Mitchell, W. E. Mowbray* and *C. R. Pence*, for appellees.

ELLIOTT, C. J.—The questions in this case arise on the ruling denying appellant a new trial.

The trial court admitted in evidence a record of a suit for partition instituted by the appellees against the appellant, wherein the land in dispute was the same as that here in controversy; there was, therefore, an identity of parties and property. In the partition suit a counter-claim was filed by the appellant, asserting title and asking that it be quieted. The case came to this court by appeal, and in the course of the opinion it was said: "As between the appellees and appellant, the action is simply to quiet the title to the real estate, by removing a cloud from such title, and for no other purpose." *Farrar* v. *Clark*, 85 Ind. 449. The character that the action between these parties assumed is, therefore, definitely settled. The present action is for possession, and the appellant's contention is that the record of the former suit is not competent evidence.

Our statute provides for two classes of actions, one for the recovery of the possession of real property, and one for determining and quieting title. The action to quiet title is, as the statute reads, "for the purpose of determining and quieting the question of title," sec. 1070, R. S. 1881, and is a very comprehensive one. It combines some of the elements of the proceedings in equity known as bills of peace and bills *quia timet*, for it will lie to determine and settle the title of one in possession, and it will also lie to determine and quiet title in one out of possession. It will lie against any person claiming "title to or interest in real property," and a plaintiff may have all conflicting claims, liens and interests settled and adjusted, and his title declared and quieted. *Ragsdale* v. *Mitchell, post*, p. 458; *Green* v. *Glynn*, 71 Ind. 336; *Stumph* v. *Reger*, 92 Ind. 286. Pomeroy, in speaking of the statutory action, says:

" The very object of the proceeding assumes that there are other claimants adverse to the plaintiff, setting up titles and interests in the land or other subject-matter hostile to his. Of course all these adverse claimants are proper parties defendant, and if the decree is to accomplish its full effect of putting all litigation to rest, they are necessary defendants." Pomeroy Rem., section 369.

The author well expresses the object of the action when he says that it accomplishes its full effect only by " putting all litigation to rest," for the great purpose of the action is to secure repose. Our own cases have steadily maintained the doctrine that the action is intended to settle in one proceeding all claims and to put an end to all litigation concerning the title. *Green* v. *Glynn, supra ; Hays* v. *Carr,* 83 Ind. 275 ; *Ulrich* v. *Drischell,* 88 Ind. 354, see p. 360 ; *Cooter* v. *Baston,* 89 Ind. 185, *vide* auth., p. 186 ; *Stumph* v. *Reger, supra ; Ragsdale* v. *Mitchell, supra.* It seems clear that as the action to quiet title directly and fully presented for investigation the titles of the respective parties to the land in controversy, the record must be evidence in such a case as this, for possession depends in an essential degree upon the question of ownership, and ownership is established by evidence of title. The record furnished evidence of title in the appellees as well as want of title in the appellant, and was unquestionably competent.

The question as to the effect of a judgment in an action to quiet title is important but not difficult. If, as has been so often held, the purpose of the action is to determine and quiet title, then it is manifest that the judgment determining and quieting title must be conclusive. The decree quieting title in the appellees was not a mere empty declaration ; it was a conclusive adjudication. Title will not be quieted unless the decree can operate, and if it does operate, then it puts at rest the question of title. In a case similar to the present the court said : " Of what avail, then, can it be to

the plaintiff to have his title quieted in him, when, after that is done, he can not recover possession upon it? Equity will not grant a relief in form which must be valueless in fact." *Dumont* v. *Dufore*, 27 Ind. 263. Freeman says: "A final decree in chancery is as conclusive as a judgment at law. Such decrees are available as estoppels, whether the second action involving the same question be at law or in equity." Freeman Judg., section 248. The object of the action to quiet title was to settle all claims, and the question of title was the dominating one in that action and the controlling one in this. It is a mistake to suppose that the object of a suit to quiet title is to settle particular claims; on the contrary, it is, as was in substance said in *Barton* v. *McWhinney*, 85 Ind. 481, an action to quiet the plaintiff's title against all claims of the defendant, whatever they may be. If, then, all claims are included, all claims are necessarily finally adjudicated, and the question of title forever settled. The question of title having been adjudicated, that adjudication is final, and concludes the parties as to titles held at the time, but it does not operate upon after acquired titles. *Reed* v. *Calderwood*, 32 Cal. 109. The case falls within the rule laid down in *Fischli* v. *Fischli*, 1 Blackf. 360 (12 Am. Dec. 251), and enforced by a long line of succeeding cases, that, where a matter is finally adjudicated by a court of competent jurisdiction, it is set at rest forever. *State, ex rel.*, v. *Krug*, 94 Ind. 366; *Ulrich* v. *Drischell*, *supra*; *Green* v. *Glynn*, *supra*; *Stumph* v. *Reger*, *supra*.

The rule obtains where the subject-matter of the controversy is adjudicated, although the action may be upon a part only of the claims arising out of one and the same subject-matter. *Felton* v. *Smith*, 88 Ind. 149; S. C., 45 Am. R. 454; *Cleveland* v. *Creviston*, 93 Ind. 31 (47 Am. R. 367).

We can not enquire whether there was or was not error in the former action; our inquiry ends with ascertaining that there is a final judgment determining the matters in controversy. *State, ex rel.*, v. *Krug*, *supra*; *Pressler* v. *Turner*, 57 Ind. 56;

*Hanna* v. *Scott*, 84 Ind. 71; *Fritz* v. *State*, 40 Ind. 18; *State* v. *George*, 53 Ind. 434. In holding, as we do, that a judgment in an action to quiet title settles and determines all claims of title, whatsoever they may be, we reach the end of our inquiry, because we have ascertained that there is a final adjudication. The adjudication is final for the reason that it operates upon the very title under which the appellant founds his right to possession. If he had, as that decree declared, no such claim or title, and the appellees did have title free from all claims except the lien for taxes, then the right to possession can not, by any possibility, be in him. We are not inquiring what might have been done in the suit to quiet title, nor are we inquiring what might have been embodied in the decree, nor are we inquiring what character might have been given it by saving clauses, special findings, or the like.; we are dealing with the proceedings and decree in that suit as they actually exist. As the decree exists, it effectually concludes him from asserting title or claim of title to the land, and without claim or title he can have no possessory right. If he has no claim he has no case; he is restricted to the lien given him by the decree in the former suit.

Judgment affirmed.

Filed Oct. 8, 1884.