No. 12,613.

KILANDER v. HOOVER ET AL.

JUDGMENT.—*Estoppel.*—*Promissory Note.*—*Failure of Consideration.*—*Cancellation.*—Where, in a suit upon a part of a series of promissory notes given for the purchase-price of land, the others not being due, the answer sets up facts showing a failure of the consideration of the notes sued on only, but praying that the whole series be declared satisfied, and a judgment is rendered for the defendant, that judgment is not a bar to a proceeding upon the remaining notes, and a complaint in equity, based upon such judgment, to obtain the cancellation and surrender thereof, will not lie.

SAME.—*Action Upon Series of Notes.*—*When Judgment Bars Subsequent Action.*—It is only where the judgment involves the whole of a series of notes, and settles the entire defence thereto, that it operates as an estoppel as to the whole; otherwise the judgment is a finality only as to so much of the claims and defences as were actually litigated in the first suit.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellant.

*B. M. Cobb,* for appellees.

MITCHELL, J.—Kilander brought this suit to procure the cancellation of a certain promissory note executed by him to one Lucas. He alleged in his complaint, that on the 16th day of December, 1878, he purchased from Lucas a certain tract of land in Wells county, containing eighty acres, at the agreed price of one thousand dollars. The complaint averred that Lucas and wife conveyed the land so purchased to the plaintiff by warranty deed, and that the latter had executed three several promissory notes as security for the unpaid purchase-money. These notes were for the respective sums of three hundred and twenty dollars and eighty cents, three hundred and ten dollars and eighty-three cents, and three hundred dollars, due respectively in one, two and three years from the date of purchase. The complaint alleges further, that the plaintiff had been compelled to pay, in discharge of a vendor's lien previously existing against the land, over

three hundred dollars, and fifty dollars for attorney's fees, and other sums, amounting in all to three hundred and seventy-two dollars and six cents, and that the west half of the eighty acres had been wholly lost to him by reason of a sheriff's sale to satisfy a judgment existing against his vendor, Lucas, at the time of the purchase. He also charged that he had been evicted from the west half so purchased, and that the amounts which he had been compelled to pay to discharge liens previously existing were more than equal to the value of the east half.

He further alleges that the purchase-money notes above described were assigned by Lucas to the defendant Hoover.

The assignee commenced suit on the first two notes in the Huntington Circuit Court in December, 1880. The plaintiff alleges that he filed his answer in that behalf, setting out, among other things, the facts above recited, concerning the failure of title, and the discharge of liens by him; and he avers that he set up in his answer that there was another note not yet due of three hundred dollars, given at the same time as those sued on, which remained outstanding, and that he prayed as relief in his answer so filed, that all the notes given for purchase-money be adjudged cancelled and satisfied.

The complaint charges further, that upon issues joined on the complaint and answer above mentioned, such proceedings were had in that behalf as that there was a finding for the defendant, and a judgment that the plaintiff take nothing, and that thereupon the plaintiff in that suit appealed to this court, where the judgment below was affirmed. *Hoover* v. *Kilander*, 83 Ind. 420.

The plaintiff herein further avers, that since the rendition and affirmance of the judgment above mentioned, the defendant Hoover has assigned the last mentioned note, as collateral security to the Lime City Building and Loan Association, and that his assignee, who is made a co-defendant herein, is threatening to bring suit, or cause suit to be brought on the note, claiming that it is a valid subsisting obligation against

the plaintiff, which he alleges is a great annoyance, injury and damage to his credit.

Plaintiff avers that as to all of the notes so given, the rights, equities, interests, consideration and liabilities were fully determined and adjudged in his favor, in the former suit between Hoover and himself. Upon the foregoing facts, he prayed that the note so assigned be declared cancelled, and that the plaintiff have judgment for his costs.

The court below sustained a demurrer to the complaint, and the sole question presented is, whether or not, upon the facts stated, the judgment rendered in the action on the first two notes operates as an estoppel against proceeding upon the last note, which was not due, and not otherwise involved in the preceding litigation, than by the facts pleaded in the defendant's answer therein?

It is proper to say that the complaint before us presents a case somewhat anomalous in character. It is, in substance, a bill in equity to obtain the cancellation and surrender of a note, which the plaintiff alleges was, in effect, cancelled, as a result of a previous judgment rendered in his favor in a former suit.

The theory of the appellant's case is, that the former judgment is a complete estoppel against any further suit upon any of the notes mentioned, as well those sued upon as the one not due at the time the judgment was rendered. What he asks now is, that a court of equity shall aid him by its decree, so as to make the previous judgment, which he alleges was in his favor, and which he claims conclusively determined that he was not indebted on any of the notes, effectual to cancel the third note, which he says was in effect cancelled by that judgment.

Whether the aid of a chancellor may be invoked in any such case we do not now inquire, as the conclusion at which we have arrived renders the inquiry unnecessary. Do the facts put forward in the complaint show that the result of the former adjudication was such as to entitle the appellant to

the surrender of the third note? A brief consideration of well settled principles will readily determine the inquiry.

The distinction between the estoppel which arises upon a judgment pronounced upon a claim or demand, when the same claim or demand is again brought in question, and when another distinct claim or demand, which constitutes an independent cause of action between the same parties, although connected with the same transaction, is the subject of a second action, must not be lost sight of. In the case first put, a judgment upon the merits operates as an absolute bar, and concludes the parties, and those in privity with them, as well in respect to every admissible matter of claim or defence which was actually presented and determined, as in respect to such indivisible claims or defences as might have been presented and determined. If either party fail to bring forward all matters connected with the claim or demand in suit, or the defence thereto, it is of no consequence that other matters than those presented existed. While the judgment stands, it is to be treated as a complete adjudication of all matters of claim or defence, either actually brought forward, or such as might have been brought forward and litigated. This was in effect determined in *Indiana, etc., R. W. Co.* v. *Koons*, 105 Ind. 507, and the cases therein cited.

In respect to such a case, it is strictly accurate to say that a judgment is equally effectual as an estoppel, as to all such grounds of recovery, or defence, as actually were, as well as to such as might have been, presented and determined. Where, however, an action is brought upon a claim or demand, or in reference to a particular subject-matter, and the defence to such action is that a judgment, rendered in a previous action between the same parties, upon a different claim or demand, or subject-matter, operates as an estoppel in a suit upon the second or subsequent claim or demand, different principles are to be applied.

In the last case, in order to make a previous judgment work an estoppel, it must be averred and proven in the

second suit that the matters in issue, or points controverted and actually determined by the first judgment, were identical with those that are to be presented as a defence to the second suit. The judgment rendered in the first case is only conclusive as a plea, or as evidence, in a second or subsequent suit between the same parties, upon the same matter as was directly in question and determined in that case. *Cleveland* v. *Creviston*, 93 Ind. 31 (47 Am. R. 367); *Felton* v. *Smith*, 88 Ind. 149 (45 Am. R. 454).

If it appears that the first judgment involved the whole claim or extended to the whole subject-matter, and settled the entire defence to the whole of a series of notes or claims, and adjudicated the whole subject-matter of a defence, equally relevant to and conclusive of the controversy between the parties, as well in respect to the claim or defence in judgment, as in respect to other claims and defences thereto, pertaining to the same transaction or subject-matter, then the first judgment operates as an estoppel as to the whole. *Cromwell* v. *County of Sac*, 94 U. S. 351; *Hazen* v. *Reed*, 30 Mich. 331; *Felton* v. *Smith, supra*; *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. R. 308).

Unless, however, it is made to appear that the defences pleaded to the first claim, or demand, involved the whole title, or extended to the whole subject-matter, of the controversy between the parties, so as to litigate and determine the defendant's liability in respect to the whole transaction, then the judgment is a finality only as to so much of the claims and defences as was actually litigated in the first suit.

The facts stated in the complaint before us do not bring the case within the rule, which makes a judgment upon one of several claims operate as an estoppel in a suit upon another claim, arising out of the same transaction. The defence interposed to the notes first sued on was in effect, that the consideration of those notes failed, in that the title to one-half the land purchased was lost to the purchaser, by

title paramount; and that certain incumbrances, amounting to three hundred and seventy-two dollars and six cents, existed on the other half, which the purchaser had been compelled to pay. It thus appears that the defence did not go to the whole transaction. It was not alleged that the whole title failed; nor did it appear what the relative value of the two parts of the entire tract was. The judgment did not, therefore, necessarily conclude the parties in respect to the whole transaction.

All that was conclusively determined by that litigation was, that the title to the west half of the land purchased had failed, and that the appellant had been compelled to pay three hundred and seventy-two dollars and six cents in order to remove incumbrances from the east half, and that as a result the consideration of the notes then in suit had failed. These subjects are not open for further litigation between the parties to the first suit, or those in privity with them. The first judgment did not, however, determine whether or not the value of the west half, and the amount of incumbrances paid by the appellant, were equal to the whole consideration, which he agreed to pay for the land. It may be, for all that appears, that the relative value of the east and west half was such that, notwithstanding the failure of the title to the west half, and the amount paid to remove incumbrances, the appellant should, nevertheless, pay the last note on account of the value of the east half, which he still retains.

It is true the appellant alleges, in his complaint, that the sums already paid by him exceed the value of the remaining forty acres. He may, however, have agreed to pay more than the value of the whole eighty. It can only be determined whether or not the consideration of the last note has failed, by ascertaining the relative value of each forty, as compared with the price which he agreed to pay for the whole.

If the two parcels were of equal value, the purchase-price

of the whole being one thousand dollars, then the whole consideration for the third note has not failed. There are no facts stated in the pleading before us, which conclusively indicate that these subjects were determined in the first suit. Some general averments appear in the complaint, which state conclusions broad enough in their scope to embrace the idea, that everything pertaining to the whole subject-matter was determined. The pleader has, however, stated in his complaint the specific facts, which were set up in his answer to the first notes. These facts, and not the pleader's conclusions, must govern. If anything outside of the facts stated as having been set up in the answer to the complaint in the first suit, was determined in that suit, it was outside of the issue, and was, therefore, not binding. *McFadden* v. *Ross*, 108 Ind. 512.

The answer to the first complaint set up substantially nothing more than a failure of the consideration of the notes sued on. In the language of the court in *Clark* v. *Sammons*, 12 Iowa, 368, " The plea of failure of consideration in the first suit applied solely to the matters then in issue, to the claim of plaintiff, as then pleaded." If the consideration of the last note has also failed, that fact is open for future determination in another action, such as either party may hereafter see fit to bring.

Conceding everything that is claimed for the former judgment, it does not appear that it determined whether or not the consideration for the last note had failed.

Judgment affirmed, with costs.

Filed May 11, 1887.