No. 604.

## Lacy v. Eller et al.

Vendor's Lien.—*Series of Installments.*—*Good Only as to the Whole.*— *Former Adjudication.*—The right to have a vendor's lien declared applies not to any single installment of a series of payments to be made, but to the entire amount of the installments, and if there was no such lien for the first installment due, neither is there one for any subsequent installment which might become due; and an adjudication as to the first installment may be answered in bar of an action on any subsequent installment demanding such lien.

Estoppel.—*Real Estate.*—*Vendor and Vendee.*—*Lien.*—*Representations of Third Party.*—*Purchase on Faith of.*—Where a party, previous to a conveyance, has informed the grantor or grantee of lands conveyed, that he has no lien on such lands, and the grantee purchased the lands, relying upon such representations, the party making such representations is estopped from asserting a lien thereon, which he may have had at the time of making such representations; and it is not necessary to show that he intended, by his statements, to defraud, for the fraud consists, not in making the statements, but in attempting to enforce his lien, to the injury of the party whom he induced to purchase the land upon his representations.

From the Hamilton Circuit Court.

*G. Shirts* and *I. A. Kilbourne*, for appellant.

*J. A. Roberts*, for appellees.

Ross, J.—The appellant sued the appellee to recover a debt due him from the appellee Joseph W. Eller, seeking to have a vendor's lien declared in his favor on certain real estate owned by the appellee Gerard, and asking a foreclosure of such lien.

This cause was certified to this court, as being within its jurisdiction, by the Supreme Court.

It is alleged, in the complaint, that on the 25th day of September, 1874, the appellant was the owner of 406 acres of land in Hamilton county, Indiana, which, on that day, he conveyed to the appellee Joseph W. Eller, his son-in-law, and Albert H. Lacy, Jackson Lacy and

William Lacy, his sons, at the agreed price of twenty-five hundred dollars; that in the year 1877, the appellant commenced an action in the Hamilton Circuit Court, against said grantees, to recover the balance of the purchase-money, and that he recovered a personal judgment against them in the sum of $6,750; that afterwards, to wit, on the 15th day of December, 1877, the judgment defendants instituted an action in said court to set aside said judgment and proceedings, and that while said action was pending, namely, on the 8th day of May, 1878, the parties thereto entered into agreement compromising the differences existing between them, and that in lieu of said judgment agreed that they would each pay the appellant fifty dollars per year so long as he should live, which agreement of compromise was entered of record by the court in said cause.

It further appears, that afterwards said grantees, by diverse mesne conveyances, sold and conveyed the land to the appellee Tunis Gerard, who is now the owner thereof, and that he had personal notice of all the facts as above charged; that the appellee Joseph W. Eller is insolvent, and that he failed and refused to pay the said sum of fifty dollars, as agreed, for the year preceding the commencement of this action, and that the same was due and unpaid.

Separate demurrers were filed to the complaint, and overruled, and they thereupon filed an answer in four paragraphs, as follows: The first paragraph, a joint answer of general denial; the second paragraph, a joint answer of former recovery; third paragraph, the separate answer of Tunis Gerard, that he purchased said property in good faith for a valuable consideration, and without any notice or knowledge of appellant's claim; and the fourth paragraph, the separate answer of Tunis Gerard, wherein he alleges, by way of estoppel, that his grantor,

prior to his purchase of said land, asked the appellant whether or not he had any interest in, lien or claim against, said land, and was informed by appellant that he had no interest in, lien or claim against the same, and that upon said representations, his grantor purchased the same and conveyed it to appellee by warranty deed.

Demurrers were filed and overruled to the second and fourth paragraphs of the answer, and these rulings of the court have been assigned as errors in this court.

It is urged that the second paragraph of the answer is insufficient for the reason that the proceedings and judgment pleaded as former adjudication show that the causes of action are not the same. That action was against these appellees to recover an annuity due under said agreement of compromise, and asking that a vendor's lien therefor be declared in appellant's favor against said land, and for a foreclosure thereof.

As shown by the facts alleged in this paragraph of the answer, one of the issues in such former action was as to appellant's right to have a vendor's lien declared in his favor, against the property in controversy, for one of the installments due under the agreement of compromise. That issue was determined against the appellant, and as long as that judgment stands, is an adjudication of his right to have a vendor's lien declared for any installment due under the agreement. The right to have a vendor's lien declared applies not to any single installment, but to the entire amount to be paid appellant, and if he did not have such lien for the first installment due, he had none for any subsequent installment which might become due.

The Supreme Court, in *Kilander* v. *Hoover*, 111 Ind. 10, says: "If it appears that the first judgment involved the whole claim, or extended to the whole subject-matter, and settled the entire defense to the whole of a series of

Lacy *v.* Eller *et al.*

notes or claims, and adjudicated the whole subject-matter of a defense, equally relevant to and conclusive of the controversy between the parties, as well in respect to the claim or defense in judgment, as in respect to other claims and defenses thereto, pertaining to the same transaction or subject-matter, then the first judgment operates as an estoppel as to the whole. Unless, however, it is made to appear that the defenses pleaded to the first claim, or demand, involved the whole title, or extended to the whole subject-matter, of the controversy between the parties, so as to litigate and determine the defendant's liability in respect to the whole transaction, then the judgment is a finality only as to so much of the claim and defenses as was actually litigated in the first suit.''

If to a suit upon one of a series of notes executed for the same consideration, a recovery thereon is refused for want of consideration, such judgment would be good pleaded as former adjudication in an action brought on the remaining notes of the series.

In Wells on Res Adjudicata, section 233, it is said: ''As to installments, the rule has already been stated to be that where there are two or more promissory notes (or bonds) executed as a part of the same transaction, so that what affects one must affect the other in like manner, an adjudication upon one will determine that upon the other, and this applies to defenses, as where a suit has been brought on the first of two notes given for installments of purchase money of real estate, and judgment is rendered for the plaintiff on a particular defense, that defense is not thereafter available in a suit on the other note.'' See, also, *French* v. *Howard,* 14 Ind. 455; *Turner* v. *Allen,* 66 Ind. 252; *Felton* v. *Smith,* 88 Ind. 149; *Cleveland* v. *Creviston,* 93 Ind. 31; *Farrar* v. *Clark,* 97 Ind. 447.

There was no error in overruling the demurrer to the second paragraph of the answer.

It is insisted that the fourth paragraph is insufficient because it is not alleged that appellee Gerard's grantor, at the time he purchased the land, had no knowledge that the purchase-money due appellant was unpaid, and hence it must be assumed that he had such knowledge; that if the facts (i. e., the records of the former action and the judgment of compromise) were open to him, he can not be heard to say that he was injured by appellant's representations.

Even if the record of the former proceedings had shown, which they do not, that the appellant had a lien on the land, if he represented to appellee Gerard's grantor that he had no such lien or claim, he would be bound thereby.

In the case of Maxon v. Lane, 124 Ind. 592, the court said: "If a party induces another to change his position and expend a large sum of money, equity will not permit such a party to reap any advantages from the change to the prejudice of the other; nor will it permit him to do what he has expressly or impliedly promised not to do. If a party who holds a mortgage declares it to be invalid, or agrees not to enforce it, and thus induces another to buy the property, the courts will not aid him by awarding him a decree of foreclosure."

If the appellant, as alleged in this answer, informed Gerard or his grantor that he had no lien or interest in said lands, thus inducing them to purchase it, the court will not aid him in denying such representations and thus perpetrate a fraud on appellee. It matters not what knowledge the party had of the record and proceedings in the other actions, such records were public records, of the contents of which all persons were bound to take notice; but if appellant stated that he had no lien,

and the appellee purchased the property relying upon such representations, as alleged in this answer, he is now estopped from asserting such lien, and it is not necessary to show that he intended, by his statements, to defraud, for the fraud would consist not in the making of such statements, but in his attempt to enforce his lien to the injury of the party whom he induced to purchase the land upon his representations. *Wisehart* v. *Hedrick*, .118 Ind. 341; *Maxon* v. *Lane, supra,* and cases cited.

There was no error in overruling the demurrer to this paragraph.

The argument of counsel in support of the error assigned, that the court erred in overruling the motion for a new trial, is simply a review of the questions presented in arguing the insufficiency of the answers, and need not be further considered.

The evidence is sufficient to sustain the finding of the court.

Judgment affirmed.

DAVIS, C. J., did not participate in this decision.

Filed Nov. 28, 1893.