BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE
*v.* SHEDD.

[No. 10,209.   Filed January 13, 1920.]

1. TAXATION.—*Quadrennial Assessment.—Correction of Mistakes by Auditor.*—Where land has been regularly assessed by the township assessor, and left unchanged by the board of review, the county auditor has no authority to change the valuation upon the report of a mistake made by the township assessor, the acreage remaining the same and there being no omitted property.   p. 164.

2. JUDGMENT.—*Taxation.—Quadrennial Assessment.—First Installment Illegal.—Res Judicata.*—A judgment, unappealed from, holding the first installment of taxes accruing under a quadrennial assessment of real estate illegally changed by the county auditor, null and void in so far as affected by such change, settles the controversy as to all future installments during such period. p. 164.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Claims by Charles B. Shedd filed with and against the board of commissioners of Lake county, Indiana, for the refund of taxes.   From a judgment for the claimant, the defendant appeals.   *Affirmed.*

*Newton A. Hembroff,* for appellant.
*J. Kopelke,* for appellee.

NICHOLS, C. J.—Appellee filed two claims against the appellant with the board of commissioners of Lake county for the refunding of taxes which appellee had paid to the county treasurer, and which he alleged had been illegally assessed upon his lands in Lake county and wrongfully collected from him by such treasurer.   The claims were disallowed and an appeal was taken to the Lake Circuit Court.   The claims aver that the lands of appellee in the city of Ham-

mond, North township, Lake county, Indiana, were
regularly assessed during the year 1915 by the asses-
sor of North township; that such assessment was
afterward wrongfully and unlawfully increased by
the auditor of said county; that the taxes levied on
said increased assessment were wrongfully and un-
lawfully collected by the treasurer of said county in
the years 1916 and 1917; and that the taxes paid
on such increased valuation should be refunded to
appellee. In the circuit court appellant answered by
general denial, the cause was submitted to the court
for trial, and judgment was rendered for the appellee
in the sum of $1,559 and costs.

It appears by appellant's brief that its motion for
a new trial, alleging that the decision or finding of
the court is not sustained by sufficient evidence, that
the decision of the court is contrary to law, and that
the decision of the court is clearly against the weight
of the evidence, was overruled by the court, and the
appellant excepted to such ruling and filed its bill
of exceptions and took its appeal.

The only error assigned is that the court erred in
overruling appellant's motion for a new trial. It does
not appear by appellant's brief when judgment was
rendered, when the motion for a new trial was filed,
when it was overruled, or whether any bill of excep-
tions was filed containing the evidence. On this state
of the record, as appears by the brief, the judgment
might properly be affirmed.

There appears, however, in the brief what purports
to be an agreed statement of facts, the substance of
which so far as we need to consider for the purpose
of deciding this case upon its merits as follows:  On
March 1, 1915, appellee was the owner and is still the

owner of certain real estate in the city of Hammond,
in North township, in Lake county, Indiana. In the
assessment of the real estate in said county, said
real estate was duly assessed by the assessor and
placed upon the book required by law to be kept by
the township assessor for the making of assessments
and returned to the auditor upon such assessor's
book, and also upon a separate assessment sheet as
143.63 acres, value of lands $4,480, and value of lands
and improvements, $4,480. Such return was by the
said auditor laid before the board of review of said
county at its session in and for said year 1915 and
was not changed or modified by said board. Notice
of such assessment, with acreage of 143.63, and valu-
ation of $4,480, was delivered to appellee by said
assessor, and no other or different notice was ever
so delivered. Said land, with the valuation thereof as
so assessed, was duly placed by said auditor upon the
tax duplicates of said county for January 1, 1916, and
one of said duplicates was delivered to the treasurer
of said county; taxes were computed upon such valua-
tion at $81.45 for the first installment, the second
installment at a like sum and such treasurer was di-
rected to collect the taxes in due course. On March
24, 1916, the said township assessor delivered to said
auditor a paper showing said real estate with said
acreage of 143.63, with the value of the land $47,480,
and value of lands and improvements, $47,480, stating
that there was a mistake made in figuring the amount
of acreage in 1915. Thereupon said auditor placed
upon the tax duplicates of said county for the year
1915, including the one in the hands of the county
treasurer, an entry showing an additional assessment
in the value of said lands of $43,000. The first install-

ment of taxes thereon being $782.60, and the second a like sum, making a total of $1,565.20, and said auditor directed the treasurer to collect such additional taxes with the others. On April 28, 1916, appellee paid to such treasurer the first installment of taxes upon the assessment first made on appellee's land upon the said valuation of $4,480. At the same time said treasurer called appellee's attention to the aforesaid additional assessment and demanded payment of the taxes thereon. Thereupon appellee paid said treasurer the first installment of said additional taxes to wit, $782.60, protesting at the same time against such assessment as illegal and wrongful. After making such payment appellee filed with said auditor his claim against appellant for the refunding of the taxes so paid by him on said additional assessment made by the auditor as aforesaid, and, the board at its next regular term having refused to refund such taxes to him, he appealed from such decision to the circuit court, where the cause was tried at the April term, 1916, and finding made and judgment thereon rendered on July 5, 1916, that the additional assessment imposed upon said land by adding the valuation of $43,000 to the one first made thereon for the year 1915 by the township assessor for the $4,480 was null and void, and that the appellee was entitled to recover from the appellant the taxes paid by him on such additional assessment to the treasurer of the county, to wit, $782.60, as and for the first installment of taxes of 1915. Such judgment was never appealed from nor set aside, but remains in full force except that it has been satisfied by payment.

Appellee's land had been regularly assessed by the township assessor and left unchanged by the board

of review. The additional assessment was placed thereon by the county auditor upon the report of a mistake made by the township assessor. There was no change in the acreage, the same remaining at 143.63. There was no omitted property. The auditor was wholly without authority to change the valuation. *Board, etc.* v. *Senn* (1889), 117 Ind. 410, 20 N. E. 276; *Donch* v. *Board, etc.* (1891), 4 Ind. App. 374, 30 N. E. 204; *Riggs* v. *Board, etc.* (1914), 181 Ind. 172, 103 N. E. 1075.

The assessment of the lands was a quadrennial assessment, and when appellee had paid the amount demanded by the county treasurer on the first installment in the spring of 1916, he filed his claim therefor and, when it was disallowed, he appealed to the Lake Circuit Court and the assessment was held to be null and void, and judgment was rendered in favor of appellee. This installment so recovered was but one of the series of eight installments based upon the same assessment, which, if the assessment had been legally made, the appellee would have been liable to pay, but it had been expressly held by the circuit court that the assessment was null and void. That decision by the circuit court was final as to the first installment, and, being unappealed from, settles the controversy as to all future installments. *Felton* v. *Smith* (1882), 88 Ind. 149, 152, 45 Am. Rep. 454; *Cleveland* v. *Creviston* (1884), 93 Ind. 31, 33, 47 Am. Rep. 367; *Lacy* v. *Eller* (1893), 8 Ind. App. 286, 288, 35 N. E. 847; *Farrar* v. *Clark* (1884), 97 Ind. 447; *Kilander* v. *Hoover* (1887), 111 Ind. 10, 14, 11 N. E. 796; *Thomas, Admr.,* v. *Merry* (1888), 113 Ind. 83, 15 N. E. 244.

The judgment is affirmed.

McMahan, J., does not participate.